**FILED**

NOV 20 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>      Petitioner,<br><br>vs.<br><br>WARDEN,<br><br>      Respondent. | No. C 11-03919 EJD (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 9) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary decision that resulted in the loss of good time credits. Respondent has moved to dismiss the petition for failure to exhaust and as untimely. (Docket No. 9.) Petitioner has not filed an opposition although he was given an opportunity to do so. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

### BACKGROUND

Petitioner challenges a prison disciplinary hearing at which he was found guilty of attempted battery on a peace officer. Petitioner was assessed 150 days loss of credits on November 30, 2006. (Pet. at 10-11.) Petitioner challenged the decision by filing an

inmate appeal to the second level of administrative review, that was denied on January 17, 2007. (Mot., Ex. 1.) Petitioner states he attempted to file an inmate appeal to the third level of review, but it was lost in the mail. (Pet. at 6.) Petitioner did not challenge the disciplinary decision in state court.

Petitioner filed the instant federal habeas petition on August 10, 2011.

## DISCUSSION

### A. Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

It is clear from the petition and the motion to dismiss that Petitioner did not exhaust any of the claims presented in the petition. Accordingly, the motion to dismiss the petition for failure to exhaust is granted.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct

review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In most cases, the limitations period begins running on the date that the petitioner's direct review becomes final, pursuant to subsection (d)(1)(A). In a situation like this, however, where the petitioner is challenging a prison disciplinary decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences, pursuant to subsection (d)(1)(D), when the final administrative appeal is denied. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that statute of limitation does not begin to run until petitioner's administrative appeal has been denied); Redd v. McGrath, 343 F.3d 1077, 1081-83 (9th Cir. 2003) (holding that denial of inmate's administrative appeal was the "factual predicate" of inmate's claim that triggered commencement of limitations period).

Petitioner's inmate appeal to the second level was denied on January 17, 2007. See supra at 2. Petitioner states that his inmate appeal to the third level was lost in the mail, therefore the second level decision is the final administrative decision upholding the disciplinary finding. This serves as the date Petitioner learned of the factual predicate of the claims and the statute of limitations commenced the next day, January 18, 2007. Shelby, 391 F.3d at 1066 (limitations period begin to run one day after the final administrative decision). The limitations period expired one year later on January 18,

2008. See 28 U.S.C. § 2244(d)(1).  The instant petition was not filed until August 10, 2011, more than three years later.  See supra at 2.  Unless tolling applies, the instant petition is untimely.

**C.      Statutory Tolling**

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Petitioner did not file any habeas petition in state court, therefore there is no tolling and the petition is untimely by more than three years.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition for failure to exhaust and as untimely, (Docket No. 9), is GRANTED.  The instant petition for a writ of habeas corpus is DISMISSED.

No certificate of appealability is warranted in this case.  See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition).  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 9.

DATED:  __11/20/12__      _____
                          EDWARD J. DAVILA
                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES D. CHAVEZ,

    Petitioner,

v.

Warden,

    Respondent.
                             /

Case Number CV 11-03919 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____11/20/12_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**James D. Chavez**
T 27420
Corcoran State Prison
4001 King Avenue
P. O. Box 8800
4A-2L-#49
Corcoran, CA 93212-4636

DATED: _____11/20/12_____

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk